02D02-2304-CT-000282
Filed: 4/18/2023 2:35 PM
Clerk
Allen County, Indiana
BB
Allen Superior Court 2
USDC IN/ND case 1:23-cv-00282-HAB-SLC   document 3   filed 04/18/23   page 1 of 4

# IN THE ALLEN SUPERIOR COURT
# STATE OF INDIANA

| | |
|---|---|
| DAVID T. BENNETT ) | CAUSE NO. _____ |
| Plaintiff, ) | |
| ) | |
| V. ) | |
| ) | |
| WALMART, INC., WAL-MART STORES ) | |
| EAST, LP and DOES 1-3, ) | |
| DEFENDANTS. ) | |

## COMPLAINT AND JURY DEMAND

David T. Bennett ("David"), Plaintiff, for his Complaint against Defendants states:

### NATURE OF ACTION

1.  This is a civil action for money damages for injuries and resulting damages David suffered on February 8, 2023, due to the dangerous conditions of the "Walmart Supercenter" premises, generally located at 5311 Coldwater Rd. Fort Wayne, IN 46825 (hereinafter "Supercenter").

### THE PARTIES

2.  At all times relevant to this complaint, David is a natural person and a resident of Allen County, Indiana.

3.  At all times relevant to this complaint, Defendant Walmart, Inc. was and is a foreign for-profit corporation incorporated under the laws of the State of Delaware regularly doing business in the State of Indiana, with its registered agent located in Indianapolis, Indiana.

4.  At all times relevant to this complaint, Defendant Walmart, Inc. formerly was known as Wal-Mart Supercenters, Inc.

5.  At all times relevant to this complaint, Defendant Wal-Mart Stores East, LP was

EXHIBIT A

and is a foreign for-profit limited partnership organized under the laws of the State of Delaware regularly doing business in the State of Indiana, with its registered agent located in Indianapolis, Indiana, and doing business under the assumed business name of Wal-Mart Supercenter.

6. At all times relevant to this complaint, Does 1-3 are persons or entities whose negligence may be a responsible cause of David's injuries, harms, and losses and whose names are not presently known. Trial Rule 17(F).

## VENUE

7. Venue is proper in this County. IND. R. TR. PRO. 75(A)(2).

8. On February 8, 2023, David, then 47 years old, was a business invitee on the premises of the Supercenter that was owned, operated, controlled, managed, or maintained by the Walmart Defendants and/or Does 1-3 individually, collectively, or in concert.

9. While a business invitee, David slipped and fell due a foreign, substance in the self-scan lane.

10. David hit the ground hard and sustained injuries including a spinal and shoulder injuries.

11. David's devasting injuries were easily preventable and Defendants including the Walmart Defendants had the ability financially and otherwise to ensure the premises were reasonably safe and this included, among other things, non-slip surfaces, anti-slip sealers, or other slip-resistant surfaces, regular inspections, and/or cleanup of slippery substances.

12. At all times relevant to this action, Defendants knew or should have known of the dangerous conditions at the Supercenter; should have realized they involved an unreasonable risk of harm to invitees including David; should have expected invitees including

David would not discover or realize the danger or would fail to protect themselves from the danger; and Defendants failed to exercise reasonable care to protect invitees including David from the dangers.

13. At all times relevant to this action, Defendants' duty to use reasonable care extends to keeping its self-scan lanes safe and providing a safe and suitable means of getting in and out of the Supercenter.

14. Defendants had an active and continuing duty and obligation to inspect the premises during all hours of operation to discover and remedy defects that make the premises unsafe for use by business invitees such as David.

15. At all times relevant to this action, Defendants had a duty to maintain the Supercenter in a such a way not to cause injury to one lawfully using the Supercenter to make purchases.

16. David, an invitee, had the right to assume the premises were reasonably safe for his use.

17. Defendants' negligence, individually or collectively, was a responsible cause of David's serious injuries which injuries will require cervical spinal surgery and implantation of metal plates and screws.

18. Defendants' negligence, individually or collectively, was a responsible cause of David's physical pain, mental pain, trauma, distress, medical expenses, painful physical therapy, loss of earnings, loss of enjoyment, and other harms, losses, and damages.

19. David was unaware of dangerous conditions at the Supercenter on the day of his fall.

20. David bears no fault for his injuries.

21. David's injuries and damages were entirely preventable by Defendants.

22. David sustained damages resulting from the concerted actions of the Defendants for their tortious failure to maintain the premises, tortious failure to use reasonable care to provide a safe and suitable means of getting in and out of the Supercenter, and their tortious failure to exercise reasonable care to protect David, an invitee, from dangerous conditions. David is entitled to damages from Defendants' concerted action in the commission of the tort(s) alleged herein.

23. David seeks all available relief and damages even if he has not demanded such relief in his pleadings. IND. R. TR. PRO. 54.

## JURY DEMAND

Plaintiff request a jury trial for all issues so triable.

**WHEREFORE,** Plaintiff David Bennett prays that the Court enter judgment in his favor and against Defendants in an amount commensurate with his damages, and for any further and additional relief as this Court deems just and proper even if he has not demanded such relief in his pleadings. Trial Rule 54(C).

Respectfully submitted,
**GLASER & EBBS, LLC**
/s/ Albert J. Dahm
Albert J. Dahm #4775-02
132 East Berry ST
Fort Wayne, IN 46802
bdahm@glaserebbsfw.com
P (260) 424-0954
F (260) 424-6529
Attorneys for David Bennett, Plaintiff